***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms in part and remands in part, the Opinion and Award of the Deputy Commissioner.
 EXHIBITS
1. Plaintiff's Affidavit of Service on Defendant was marked as Plaintiff's Exhibit 1 and received into evidence without objection.
2. Plaintiff's medical records, including the expert medical opinions of his orthopedic surgeon were marked as Plaintiff's Exhibit 2 and received into evidence without objection.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for Defendant for two and a half months. He testified that he did not provide his own tools, equipment, materials, or determine the manner in which a particular job would be done. Plaintiff said he did whatever the Sprenger told him to do.
2. Plaintiff testified that he worked 8 hours a day, 5 days a week, and was paid $12.00 per hour. Defendant has filed no forms in this matter as required by the Workers' Compensation Act, including a Form 22 with Plaintiff's wage information. Based on the greater weight of the evidence, Plaintiff's average weekly wage is $480.00, yielding a compensation rate of $320.00.
3. Kim Sprenger appeared on behalf of Defendant and testified that she was President of Sprenger's Home Improvement, Inc. and the nature of their business was general home improvement. She said they incorporated in 1999 or 2000 and that her husband Larry Sprenger was Secretary and Treasurer. Ms. Sprenger testified that she also hired a bookkeeper to help her get organized
4. Ms. Sprenger testified that Larry Sprenger managed the business and was responsible for the business bills and letting her know if the bills were paid or not. She admitted that they did not have workers' compensation insurance because they had let it lapse. Ms. Sprenger and Mr. Sprenger both had the ability and authority to bring their business into compliance with N.C. Gen. Stat. § 97-93.
5. According to the testimony of Ms. Sprenger, Defendant had two corporate officers and a bookkeeper. Therefore, for purposes of the Workers' Compensation Act, Defendant had three or more employees and is required to have workers' compensation insurance. The Full Commission finds that there was an employment relationship between Plaintiff and Defendant, and that the parties are subject to the Act.
6. On July 8, 2002, Plaintiff was working for Defendant when he fell from a scaffold that was "two bucks" high and suffered an injury by accident. Plaintiff sustained a calcaneus fracture to the right heel.
7. Plaintiff had an open reduction, internal fixation of his left calcaneus fracture performed by Dr. Michael J. Bosse. Plaintiff was also instructed to participate in physical therapy for subtalar joint mobilization. Dr. Bosse's medical notes indicate that Plaintiff was placed in a CAM walker and instructed to be "non-weight-bearing."
8. In his March 26, 2004 medical note, Dr. Bosse found Plaintiff's range of motion of the ankle to have normal plantar and dorsiflexion, but has limited or less than 50% of subtalar motion. Dr. Bosse gave Plaintiff a 25% impairment rating to the foot secondary to an ankylosis of the subtalar joint. He also noted that Plaintiff remains at risk for painful hardware which would require excision and that Plaintiff was out of work through December 20, 2002.
9. As a result of his compensable injury, Plaintiff was temporarily and totally disabled from his employment from July 8, 2002 through December 20, 2002. This amounts to 23 weeks and 5 days for which Plaintiff is entitled to receive temporary total disability benefits.
10. Plaintiff has incurred $22,113.98 in reasonable and necessary medical bills related to his injury by accident including surgery, physical therapy, and follow-up appointments.
11. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b).
12. President of Defendant, Kimberly Sprenger and Secretary and Treasurer as well as manager of Defendant, Larry Sprenger, failed to purchase workers' compensation insurance as required by N.C. Gen. Stat. § 97-93 to cover their employees and had no workers compensation insurance in effect on July 8, 2002. Kimberly Sprenger filed for bankruptcy protection under Chapter 7 on November 29, 2004. Larry Sprenger was not named individually as a defendant for the penalty hearing.
 ***********
Based upon the foregoing Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff was a regular employee of Defendant within the meaning of the North Carolina Workers' Compensation Act and Defendant employed three or more employees at the time of Plaintiff's injury by accident on July 8, 2002. Therefore, the parties are subject to and bound by the provisions of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
2. Plaintiff's July 8, 2002 right calcaneus fracture arose out of and in the course and scope of his employment with Defendant and was an injury by accident as defined by N.C. Gen. Stat. § 97-2(6).
3. Plaintiff's average weekly wage is $480.00, yielding a compensation rate of $320.00.
4. As a result of Plaintiff's compensable injury by accident, Plaintiff was totally disabled from July 8, 2002 through December 20, 2002, and is entitled to temporary total disability compensation at the rate of $320.00 per week for this period. This period equals 23 weeks and 5 days at $320.00 per week or $7,588.57. N.C. Gen. Stat. § 97-29.
5. As a result of Plaintiff's compensable injury by accident on July 8, 2002, Plaintiff sustained a 25% permanent partial disability to his foot and is entitled to be paid compensation for 36 weeks at $320.00 per week, or $11,520.00. N.C. Gen. Stat. § 97-31(14).
6. Plaintiff's medical treatment for his injury was reasonably required to affect a cure, provide relief and lessened the period of disability. Plaintiff is entitled to compensation for all necessary medical treatment causally related to the injury by accident on July 8, 2002, which totals $22,113.98. N.C. Gen. Stat. § 97-25.
7. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, until the same ceases. N.C. Gen. Stat. §97-94(b).
8. Any person who has the ability and authority to bring the employer into compliance with N.C. Gen. Stat. § 97-93 and willfully fails to bring the employer in compliance or neglects to bring the employer in compliance may be assessed a penalty equal to 100% of the amount of compensation due the Defendant's employees injured during the time the Defendant failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d). Case number PH-1110 should be remanded to the Deputy Commissioner for a penalty hearing on the individual liability of Larry Sprenger and Larry Sprenger shall be individually named as a party defendant for this penalty hearing under N.C. Gen. Stat. § 97-94(d).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned makes the following:
 AWARD
1. Subject to an attorney's fee approved below, Defendant shall pay Plaintiff compensation benefits at the rate of $320.00 per week from July 8, 2002 through December 20, 2002, which is 23 weeks and 5 days at $320.00 per week or $7,588.57. N.C. Gen. Stat. § 97-29.
2. Defendant shall pay all medical expenses, related to Plaintiff's compensable injury which amount to a total of $22,113.98
3. Defendant shall pay Plaintiff for the 25% permanent partial disability to Plaintiff's right foot, subject to reasonable attorney's fees approved below. This amounts to 36 weeks at $320.00 per week or $11,520.00.
4. A reasonable attorney's fee in the amount of 25% of the sums due Plaintiff in Paragraphs 1 and 3 above is awarded to Plaintiff's counsel. Plaintiff's counsel shall deduct his fee award from the lump sum due Plaintiff.
5. Plaintiff's Counsel shall send a copy of this decision to all of Plaintiff's healthcare providers. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Ernest Eugene Mullins. Collection should be directed to Defendant Sprenger's Home Improvement, Inc., c/o of Larry Sprenger, whose address is 10309 Riesling Court, Charlotte, North Carolina 28277 or 9444 Elizabeth Townes Lane, Charlotte, North Carolina 28277 according to the information in the Industrial Commission file
6. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of fifty dollars ($50.00) per day is assessed against Defendant Sprenger's Home Improvement, Inc. for failing to secure workers' compensation insurance on July 8, 2002. A determination of the amount owed shall be held in abeyance pending outcome of the penalty hearing.
7. Defendant shall pay all costs.
 ORDER
It is ordered that the penalty phase of this case (PH-1110) is hereby severed and the penalty matter is remanded to Deputy Commissioner Hall for a new hearing on whether Larry Sprenger is subject to civil penalties under N.C. Gen. Stat. § 97-94(d). Larry Sprenger shall be named individually as a party defendant for this penalty hearing. All proceedings against Kimberly Sprenger must be stayed pursuant to her Chapter 7 Bankruptcy protection.
This the ___ day of August 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/__________ PAMELA YOUNG COMMISSIONER